IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ROBERT LEE BRANDON,**
   Petitioner,

v.                                                           Case No.  5:08cv234/RS/MD

**WALTER A. MCNEIL,**
   Respondent.
_____

**REPORT AND RECOMMENDATION**

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 10).  Respondent has filed a motion to dismiss the petition as untimely, providing relevant portions of the state court record.  (Doc. 23).  Petitioner has responded in opposition to dismissal.  (Doc. 25).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is timely.

**BACKGROUND AND PROCEDURAL HISTORY**

On March 12, 2004, petitioner entered a counseled no contest plea to Burglary of a Dwelling, Grand Theft, Criminal Mischief, Burglary of a Structure, and Grand Theft from a Dwelling in the Circuit Court of Calhoun County, Florida, case numbers 03-311 and 03-314.  (Doc. 23, Exs. A, B).[1]  On March 15, 2004 he was adjudicated

---

[1] Hereafter, all references to exhibits will be to those attached to Doc. 23 unless otherwise noted.

guilty and sentenced to 10 years imprisonment followed by 5 years probation on the Burglary of a Dwelling. (Ex. B). On each of the remaining counts, he was sentenced to a concurrent term of 5 years probation. (*Id.*). On April 7, 2004 petitioner filed a motion to withdraw plea pursuant to Florida Rule of Criminal Procedure 3.170(I). (Ex. C). The motion was denied on May 12, 2004. (Ex. D). Petitioner filed a notice of appeal on June 11, 2004. (Ex. E).[2] He filed an amended notice of appeal on October 14, 2004. (*Id.*). On November 15, 2004, the Florida First District Court of Appeal ("First DCA") dismissed the appeal for petitioner's failure to pay the filing fee and failure to properly respond to its order requiring amendment of the notice of appeal. (Ex. F). Petitioner did not seek review of the dismissal of his direct appeal.

On April 14, 2005 petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. G). After the state filed a response, the motion was denied on September 12, 2006. (Ex. J). Petitioner did not appeal.

On September 26, 2006 petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (Ex. K). After the state filed a response, the motion was denied. (Ex. N). Petitioner appealed. (Ex. O). The First DCA affirmed the denial order without written opinion on June 5, 2007. *Brandon v. State*, 958 So.2d 923 (Fla. 1st DCA 2007) (Table) (copy at Ex. Q). That same date the First DCA denied petitioner's motion to amend. (Ex. S). The mandate issued on July 3, 2007. (Ex. T).

On December 14, 2007, petitioner filed a state petition for writ of habeas corpus in the Bradford County Circuit Court. (Ex. U). The petition was dismissed on February 18, 2008. (Ex. V). Petitioner did not appeal.

Petitioner initiated this federal habeas proceeding on July 16, 2008 by filing a petition in the United States District Court for the Middle District of Florida. (Doc.

---

[2]After sentencing, a timely motoin to withdarw a plea pursuant to Florida Rule of Criminal Procedure 3.170(l) ordinarily tolls the time for rendition of a final roder imposing judgment and sentence until the trial court files a signed, written order disposing of the motion. *See* Fla. R. App. P. 9.020(h); *see also Smallwood v. State*, 911 So.2d 849, 850 (Fla. 1st DCA 2005).

2).  After the case was transferred to this court, petitioner filed an amended petition. (Doc. 10).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment.  The limitation period runs from the latest of:

> **(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;**
>
> **(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;**
>
> **(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or**
>
> **(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state postconviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before

his conviction became final.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which petitioner's conviction became final "by the conclusion of direct review or the expiration of the time for seeking such review."  *See* 28 U.S.C. § 2244(d)(1).

The Supreme Court of the United States has held that "direct review cannot conclude for purposes of § 2244(d)(1)(A) until the availability of direct appeal to the state courts, and to th[e] [Supreme] Court [of the United States], has been exhausted."  *Jimenez v. Quarterman*, — U.S. —, 129 S.Ct. 681, 2009 WL 63833, at *685-86 (Jan. 13, 2009).  Accordingly, a state prisoner's conviction becomes "final" for purposes of § 2244(d)(1)(A) when the United States Supreme Court denies *certiorari*, issues a decision on the merits, or after the expiration of the 90-day period in which to seek *certiorari* review expires.  *Jimenez, supra*; *Nix v. Secretary for the Dep't of Corrections*, 393 F.3d 1235, 1237 (11th Cir. 2004) (holding that a Florida prisoner's conviction became final 90 days after the Florida district court of appeal affirmed his conviction); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (holding that a Florida prisoner's conviction became final 90 days after the Supreme Court of Florida denied his motion for rehearing).  The question in this case is whether *certiorari* review of petitioner's dismissed direct appeal was available.[3]  If it was and petitioner was entitled to seek in the Supreme Court of the United States review of the judgment of the Florida First DCA, then his conviction became final upon the expiration of the 90-day period for seeking that review, and his habeas petition is timely.  If not, the petition is untimely.

Although the Eleventh Circuit has held that a state prisoner is <u>not</u> entitled to seek *certiorari* review (and is therefore not entitled to the 90-day grace period) when he fails to seek review in the highest court of the state in which direct review could

---

[3]The Supreme Court of the United States may grant a writ of *certiorari* to review the final judgment of "the highest court of a State in which a decision could be had." 28 U.S.C. § 1257(a); *see also* U.S. Sup. Ct. R. 13.1 (a petitioner for writ of certiorari may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by such state court).

be had, *see Pugh v. Smith*, 465 F.3d 1295, 1298-99 (11th Cir. 2006),[4] the Eleventh Circuit has not addressed whether a state prisoner is entitled to petition for *certiorari* in the Supreme Court of the United States (and therefore entitled to the 90-day grace period) when he timely initiates a direct appeal in the state's highest court (in this case, the Florida First DCA), but his appeal is dismissed.

In *Zuluaga v. Secretary for the Dep't of Corrections*, 208 Fed. Appx. 729 (11th Cir. Nov. 29, 2006), the Eleventh Circuit directed the United States District Court for the Southern District of Florida ("Southern District") to answer that question on remand. There, a Florida state prisoner appealed his conviction and sentence to a Florida district court of appeal, which dismissed the appeal without prejudice to the prisoner seeking relief in the trial court. Mr. Zuluaga did not seek review of the dismissal in the Supreme Court of Florida or the Supreme Court of the United States. The Southern District court dismissed Mr. Zuluaga's § 2254 petition as untimely without considering whether he was entitled to the additional time in which he could have sought review of the dismissal in the Supreme Court of the United States. The Eleventh Circuit vacated the order of dismissal and remanded the case for consideration of that issue. *Id.,* 208 Fed. Appx. at 733 ("The district court must

---

[4] In *Pugh*, the court held that petitioner's state court convictions became final 10 days after the Georgia Court of Appeals affirmed the convictions, rather than 90 days after the affirmance, where petitioner could have sought review during the 10-day period in the Georgia Supreme Court but did not, so that he was not entitled to seek review in the United States Supreme Court. *See also Spottsville v. Terry*, 476 F.3d 1241, 1243 (11th Cir. 2007) (petitioner's state court conviction became final 10 days after the Georgia Court of Appeals denied motion for reconsideration, rather than 90 days after the denial, where petitioner could have sought review during the 10-day period in the Supreme Court of Georgia but did not); *Salas v. Pierce*, No. 08-11129, 2008 WL 2672323 (11th Cir. Oct. 23, 2008) (unpublished opinion) (holding that because state prisoner did not file a notice of appeal within 30 days after entry of his judgment of conviction and sentence, he did not benefit from the 90-day grace period). *Accord, Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (holding that "because the United States Supreme Court could not have reviewed [the prisoner's] direct appeal," due to the prisoner's failure to seek discretionary review in the Missouri Supreme Court, "the expiration of time for seeking direct review does not include the 90-day period for filing for certiorari) (internal quotation marks omitted); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007), *cert. denied*, 129 S.Ct. 33, 172 L.Ed.2d 47 (Oct. 6, 2008); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (holding that if state prisoner stops the appeal process before appealing his conviction to the state court of last resort, the conviction becomes final when the time for seeking further review in the state court expires); *Wesley v. Snedeker*, 159 Fed. Appx. 872, 873-74 (10th Cir. 2005); *Feenin v. Myers*, 110 Fed. Appx. 669, 671 (6th Cir. 2004).

decide whether Zuluaga was entitled to the 90-day period for seeking review in the Supreme Court of the United States.").

On remand, the Southern District court determined that a petitioner is generally entitled to the 90-day period for seeking review in the Supreme Court of the United States from a dismissed direct appeal. The court reasoned:

> It appears that generally a petitioner does in fact have ninety days to file a petition for writ of certiorari in the United States Supreme Court after a *dismissal* of a direct appeal in that the dismissal is deemed a judgment. See United States v. Richardson, 2000 WL 676009, *1 (10th Cir. 2000) (citing Sup. Ct. R. 13.1 and finding in a § 2255 proceeding that movant's conviction became final when ninety-day period for filing a petition for writ of certiorari expired from dismissed direct appeal) (unpublished) (text in Westlaw); Lundry v. Kansas, 2007 WL 38386, *1 (D. Kan. 2007) (giving petitioner 90 days to file a petition for writ of certiorari in United States Supreme Court after Kansas Supreme Court dismissed petitioner's direct appeal); Blackmer v. Warden, New Hampshire State Prison, 2004 WL 2823216, *4 (D. N.H. 2004) (giving petitioner 90 days after he could have filed a motion for rehearing or reconsideration from the New Hampshire Supreme Court's dismissal of Petitioner's direct appeal for failure to file an appellate brief). See also Van Buren v. United States, 2006 WL 3760064, *1 (E.D. Va. 2006) (citing Sup. Ct. R. 13.1 and finding in Section 2255 case that where Petitioner did not petition the Supreme Court of the United States for a writ of certiorari, judgment of conviction became final 90 days after the Fourth Circuit entered its judgment, dismissing Petitioner's appeal as untimely); Garraway v. United States, 2002 WL 1586878, *2 n. 1 (S.D. N.Y. 2002) (noting in a § 2255 case that movant's conviction became final ninety days after direct appeal was dismissed where he did not seek certiorari to the United States Supreme Court).

*Zuluaga*, Case No. 0:05cv60323, Doc. 41, pp. 11-12. The Southern District went on to conclude however, that that determination did not affect the outcome of the case because the § 2254 petition was untimely regardless of how it was resolved. *Zuluaga v. McDonough*, Southern District of Florida Case No. 0:05cv60323, Docs. 41, 43. Mr. Zuluaga sought to appeal the dismissal of his petition. The Eleventh Circuit denied a certificate of appealablity and dismissed Mr. Zuluaga's appeal. *Id.*, Doc. 58.

Although the Eleventh Circuit did not review the Southern District's analysis of the issue now before this court, the Southern District's analysis is at least instructive. Additionally, the authorities discovered through this court's research

support the Southern District's conclusion concerning the availability of *certiorari* review.  See *United States v. Gentry*, 432 F.3d 600, 604 n. 2 (5th Cir. 2005) (noting that federal prisoner's conviction became final ninety days after court of appeals dismissed direct appeal for want of prosecution, when the time for filing for writ of certiorari expired); *United States v. Sosa*, 364 F.3d 507, 509 (4th Cir. 2004) (finding that federal prisoner's conviction became "final," triggering one-year limitations period applicable to § 2255 motion to vacate, ninety days after court of appeals dismissed defendant's direct appeal); *Cobb v. Snyder*, No. 1:00cv727, 2001 WL 34368418, at *2 (D. Del. 2001) (state prisoner's conviction became final ninety days from the date the Delaware Supreme Court dismissed his direct appeal for failure to prosecute, when his opportunity to seek *certiorari* in the United States Supreme Court expired).

The conclusion that a § 2254 petitioner is entitled to the 90-day period for seeking *certiorari* review in the Supreme Court of the United States from a dismissed direct appeal is consistent with how this district has resolved the issue in the context of a prisoner's <u>voluntary</u> dismissal of his direct appeal. *See Chapman v. McNeil*, Case No. 3:08cv5/LAC/EMT, 2008 WL 2225659 (N.D. Fla. 2008) (adopting report and recommendation which concluded that a state conviction become final, for AEDPA purposes, 90 days after the state appellate court granted prisoner's motion for voluntary dismissal of his appeal).

Respondent contends petitioner is <u>not</u> entitled to the 90-day grace period, arguing that "where a direct appeal is dismissed for an appellate default such as nonpayment of fees or failure to file an amended notice of appeal, certiorari review cannot be obtained because there was no review of the decision or judgment by the court of last resort."  (Doc. 23, pp. 6-7; *see also id.,* pp. 7-8 n. 1 ("[W]hen an appeal is dismissed, further direct review is foreclosed and a party is not entitled to file a petition for a writ of certiorari directly with the United States Supreme Court; thus, the judgment and sentence becomes final for AEDPA purposes upon the dismissal of the direct appeal.")).  While a higher court might ultimately agree with respondent,

the lack of case law directly supporting this position,[5] and the existence of cases supporting the opposite conclusion (albeit not binding precedent), lead this court to conclude that petitioner was entitled to seek *certiorari* review of his dismissed direct appeal, and is therefore entitled to the 90-day grace period. This conclusion renders the instant petition timely.

The state court dismissed petitioner's direct appeal on November 15, 2004. Giving petitioner the benefit of the ninety days for seeking *certiorari* review in the Supreme Court of the United States, petitioner's conviction became "final" for AEDPA purposes on February 14, 2005, and the federal habeas statute of limitations began to run. The limitations period ran for 58 days until petitioner filed his Rule 3.850 motion on April 14, 2005. That motion was pending and tolled the limitations period from April 14, 2005 (the date it was filed) until October 12, 2006 (the date the

---

[5]The authority respondent cites to support his position is *Ferreira v. Secretary, Dep't of Corrections*, 494 F.3d 1286, 1293 (11th Cir. 2007); *Kaufman v. United States*, 282 F.3d 1336, 1338-1339 (11th Cir. 2002); Sup. Ct. R. 13.3; and 28 U.S.C. §§ 1257(a) and 2244(d)(1)(A). However, this authority does not address the very specific question at issue here – whether a state prisoner is entitled to seek *certiorari* review in the Supreme Court of the United States when his direct appeal is dismissed.

The Eleventh Circuit's decision in *Ferreira* involved interpretation of the term "judgment" as it is used in § 2244(d)(1)(A). The court concluded:

> [T]he writ and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petition in confinement. What this Court has previously called the judgment of conviction and the sentencing judgment together form the judgment that imprisons the petitioner. Therefore, AEDPA's statute of limitations begins to run from the date both the conviction and the sentence the petitioner is serving at the time he files his application become final because judgment is based on both the conviction and the sentence.

*Id.*, at 1293. However, there is no question in this case that the judgment triggering the limitations period is the March 15, 2004 judgment. The question is when that judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In *Kaufmann*, the Eleventh Circuit decided the question of when a judgment of conviction becomes final within the meaning of 28 U.S.C. § 2255, holding that: "(1) if the prisoner files a timely petition for certiorari, the judgment becomes 'final' on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes 'final' on the date on which the defendant's time for filing such a petition expires." *Kaufmann*, 282 F.3d at 1339. However, this is not particularly helpful in deciding the question whether a state prisoner is entitled to petition the Supreme Court, and therefore entitled to the 90-day period for filing that petition, when his direct appeal is dismissed on state nonjurisdictional procedural grounds.

*Case No: 5:08cv234/RS/MD*

thirty-day period in which to appeal the September 12, 2006 order expired). While petitioner's Rule 3.850 proceeding was pending, he filed his Rule 3.800(a) motion on September 26, 2006. That motion further tolled the limitations period until July 3, 2007 (the date the mandate issued on appeal of the denial of relief). *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

The limitations clock began to run once more on July 3, 2007, and ran for 163 days until petitioner filed his state habeas petition on December 14, 2007. That petition was pending from December 14, 2007 (the date it was filed) until March 19, 2008 (the date the thirty-day period in which to appeal the state habeas court's February 18, 2008 order expired).

The limitations period ran for 118 days until petitioner initiated this federal habeas proceeding on July 16, 2008. Based on the foregoing, the petition is timely as it was filed 339 days after petitioner's conviction became final under § 2244(d)(1)(A).

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 23), be DENIED.

2. That respondent be directed to address the merits of petitioner's claims or assert other procedural defenses within thirty (30) days of the district court's order adopting this Report and Recommendation.

At Pensacola, Florida this 17th day of February, 2009.


/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636;** *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 5:08cv234/RS/MD*