# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**ROBERT LEE BRANDON,**
      **Petitioner,**

vs.                              **Case No. 5:08cv234/RS/MD**

**WALTER A. MCNEIL,**
      **Respondent.**

## ORDER

This cause is before the court upon petitioner's Notice of Voluntary Dismissal. (Doc. 41). Petitioner initiated this federal habeas corpus proceeding on July 16, 2008 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida. (Doc. 2). After the case was transferred to this court, petitioner filed an amended petition. (Doc. 10). On January 20, 2009, the respondent filed a motion to dismiss the petition as time-barred. (Doc. 23). The motion was denied (docs. 26, 28), and on May 5, 2009 the respondent filed an answer to the amended petition. (Doc. 39). Petitioner was given until June 12, 2009 in which to reply. (Doc. 40). On May 26, 2009 he filed the instant Notice of Voluntary Dismissal. (Doc. 41). Petitioner requests that the court dismiss his amended petition without prejudice and "allow [petitioner] the opportunity to refile a new or amended writ. . . ." (Doc. 41, p. 1).

Because respondent has served an answer and there is no stipulation of dismissal signed by both parties, this case can be dismissed only by court order. Fed. R. Civ. P. 41(a). The court therefore construes petitioner's notice as a motion for voluntary dismissal. Before the court rules on the matter, petitioner is advised of the following. First, if petitioner is seeking merely to amend his amended petition, the proper means for achieving amendment is by a motion to amend accompanied by the proposed second amended

petition, *see* Fed. R. Civ. P. 15(a); N.D. Fla. Loc. R. 15.1.  Amendment is not achieved by dismissing an action in its entirety.

Second, petitioner is advised that even if this court dismisses this action without prejudice, such dismissal would not insulate a new petition from application of one or more of the limitations provided in 28 U.S.C. § 2244, including the one-year limitations period.

Accordingly, it is ORDERED:

1.  Petitioner's Notice of Voluntary Dismissal (doc. 41) is construed as a Motion for Voluntary Dismissal, and the Clerk shall change the docket to so reflect.

2.  Within **twenty (20) days** of the docketing date of this order, petitioner shall notify the court whether it is his intention that this case be dismissed.  If petitioner chooses <u>not</u> to dismiss this proceeding, his notice shall so state and shall be accompanied by a motion to amend and proposed second amended petition.  Petitioner is advised that the second amended petition must contain all of his grounds for relief, because matters not set forth in the amended pleading are deemed to have been abandoned.  N.D. Fla. Loc. R. 15.1

3.  Petitioner's failure to file the requisite notice will result in the court granting the motion to dismiss and dismissing this action without prejudice.

4.  The Clerk shall forward to petitioner a § 2254 form.  This case number and the words "Second Amended Petition" shall be written on the form.

DONE AND ORDERED this 27th day of May, 2009.

/s/ *Miles Davis*
     **MILES DAVIS**
     **UNITED STATES MAGISTRATE JUDGE**