THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**ROBERT LEE BRANDON,**
    Petitioner,

vs.                                    Case No. 5:08cv234/RS/MD

**WALTER A. MCNEIL,**
    Respondent.

## REPORT AND RECOMMENDATION

This cause is before the court upon referral from the Clerk. Petitioner initiated this habeas action on July 16, 2008 by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of Florida. (Doc. 2). After the case was transferred to this court, petitioner filed an amended petition. (Doc. 10). On January 20, 2009, the respondent filed a motion to dismiss the petition as time-barred. (Doc. 23). The motion was denied (docs. 26, 28), and on May 5, 2009 respondent filed an answer. (Doc. 39). Petitioner was given until June 12, 2009 in which to reply. (Doc. 40). On May 26, 2009 petitioner filed a Notice of Voluntary Dismissal requesting that the court dismiss his amended petition without prejudice and "allow [petitioner] the opportunity to refile a new or amended writ. . . ." (Doc. 41, p. 1).

Because respondent had served an answer and there was no stipulation of dismissal signed by both parties, the court construed petitioner's notice as a motion for voluntary dismissal. (Doc. 42; *see also* Fed. R. Civ. P. 41(a)). In an order dated May 27, 2009, the court advised petitioner that if he was seeking merely to amend his amended petition, the proper procedure was to file a motion accompanied by a proposed second amended petition, *see* Fed. R. Civ. P. 15(a); N.D. Fla. Loc. R. 15.1.

**Amendment is not achieved by dismissing an action in its entirety. Petitioner was further advised that dismissal of this action, even if designated "without prejudice," would not insulate a new § 2254 petition from application of one or more of the limitations provided in 28 U.S.C. § 2244, including the one-year limitations period. (Doc. 42). Petitioner was ordered to notify the court within twenty days whether it was still his intention that this case be dismissed. It was also explicitly provided that: "If petitioner chooses <u>not</u> to dismiss this proceeding, his notice shall so state and shall be accompanied by a motion to amend and proposed second amended petition. . . . Petitioner's failure to file the requisite notice will result in the court granting the motion to dismiss and dismissing this action without prejudice." (Doc. 42, p. 2).**

**The time for filing the notice, motion and second amended petition has expired, and petitioner has not responded to the court's order.**

**Accordingly, it is respectfully RECOMMENDED:**

**1. That petitioner's motion for voluntary dismissal (doc. 41) be GRANTED.**

**2. That this case be DISMISSED without prejudice.**

**3. That the Clerk be directed to close the file.**

**At Pensacola, Florida, this 23rd day of June, 2009.**

/s/ *Miles Davis*
    **MILES DAVIS**
    **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:08cv234/RS/MD*